IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, ) | |
| ) | C.A. No. 05-437- SLR |
| ) | |
| ) | JURY OF 12 DEMANDED |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| NURSE RACHEL CARTWRIGHT and ) | |
| DR. SITTA ALIE, ) | |
| Defendants, ) | |

**DEFENDANT FIRST CORRECTIONAL MEDICAL'S MOTION TO DISMISS**

Pursuant to 18 *Del.C.* §6853(a)(1) and F.R.C.P. 12(b)(6), First Correctional Medical ("FCM") moves the Court for an order dismissing all claims against it on the grounds that plaintiff failed to comply with the statutory requirements for filing a medical negligence suit and a 42 U.S.C. § 1983 action. In support of its motion, FCM offers the following:

1. Plaintiff is an inmate in the Delaware correctional system.

2. FCM provided health care for the Delaware correctional system from July 1, 2002 to June 30, 2005.

**Legal Standards**

3. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

4. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2, Robinson, C.J. (D.Del. Feb. 6, 2003) (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)) (copy attached as

Exhibit 1) .

5.      There is no vicarious liability for civil rights claims. *Hyson*, mem. order at 2-3. Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

### Plaintiff has Failed to File an Affidavit of Merit

6.      Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff's state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

### Plaintiff Failed to Exhaust Administrative Remedies

7      Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action. Plaintiff circled "yes"in his complaint when asked "Have you fully exhausted your administrative remedies regarding each of your present claims?" However, when questioned about what actions were taken by plaintiff to grieve and what the result was, plaintiff's complaint is devoid of a substantive response. Plaintiff has failed to state or establish that he exhausted his administrative remedies. In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed. *Hyson*, mem. order at 3.

### Plaintiff has Failed to State a 42 U.S.C. § 1983 Claim Against FCM

8.      It appears that the claims against FCM, to the extent that there are any, are derivative of the claims against other defendants or other unnamed FCM employees. There is no vicarious liability for civil rights actions, so the plaintiff fails to state a claim against FCM. *Hyson*, mem. order at 3.

### Conclusion

9. For the above reasons, the FCM respectfully requests that all claims against them be dismissed with prejudice.

                                                        **McCULLOUGH & McKENTY, P.A.**

                                              /s/ Dana M. Spring
                                              Daniel L. McKenty, Del. Bar No. 2689
                                              Dana M. Spring, Del. Bar No. 4605
                                              1225 N. King Street, Suite 1100
                                              P.O. Box 397
                                              Wilmington, DE 19899-0397
                                              (302) 655-6749
                                              Attorneys for First Correctional Medical

April 21, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY F. WILSON, | ) | |
| | ) | C.A. No. 05-437- SLR |
| | ) | |
| | ) | JURY OF 12 DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| NURSE RACHEL CARTWRIGHT and | ) | |
| DR. SITTA ALIE, | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, **DANA M. SPRING**, hereby certify that on the 21st day of April, 2006, two copies of the attached *First Correctional Medical's Motion to Dismiss* were mailed, U.S. First Class, postage prepaid, to the last known address of the following:

**Larry F. Wilson**
**SBI# 299498**
**Delaware Correctional Center**
**1811 Paddock Road**
**Smyrna, DE 19977**

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana M. Spring
Dana M. Spring
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendant First Correctional Medical

Dated: April 21, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, ) | |
| ) | C.A. No. 05-437- SLR |
| ) | |
| ) | JURY OF 12 DEMANDED |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| NURSE RACHEL CARTWRIGHT and ) | |
| DR. SITTA ALIE, ) | |
| Defendant. ) | |

## ORDER

And now this _____ day of _____, 2006, having considered

First Correctional Medical's Motion to Dismiss and any opposition thereto,

it is HEREBY ORDERED that First Correctional Medical's Motion to Dismiss is granted.

_____
J.