IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LARRY F. WILSON,
  plaintiff,
V.
FIRST CORRECTIONAL MEDICAL,
Nurse RACHEL CARTWRIGHT and
DR. SITTA ALIE,
  Defendants,

C.A. No. 05-437-SLR

JURY OF 12 DEMANDED

FILED
MAY 22 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

Answering Brief for Defendants
FIRST CORRECTIONAL MEDICAL'S MOTION TO DISMISS

The plaintiff "Larry F. Wilson" moves the court to deny the Defendants "First Correctional Medical" Motion to Dismiss on the grounds that the defendants failed to raise any legal argument that validates a dismissal by the courts. The plaintiff Larry F. Wilson has complied with the statutory requirements in his conditions of his residents for filing a medical malpractice, negligence, and diliberate indifference claim.

In support the plaintiff Larry F. Wilson offers the following:

1) Plaintiff is an inmate in Delaware corrections system.
2) F.C.M provided healthcare for the Delaware corrections system from July 1, 2002 to June 30, 2005.

# LEGAL STANDARDS

1) <u>Exhausting all administrative remedies;</u>

Following the plaintiffs injury the plaintiff filed a medical grievance at S.C.I P.O Box 500 Georgtown De. 19947 against F.C.M. At that time the plaintiffs grievance was on the actions that took place by (two) of the defendants Nurse Rachel Cartwright and by Dr. Sitta Alie's diagnose and ordered treatment that **Caused** the plaintiffs injuries and pain and suffering.

Then the plaintiff filed another grievance about the fact of not being sent to see a orthipitic surgeon, 2-3 wks after intial injury.

On June 30, 2005 F.C.M was relieved of their contract, and Correctional Medical Services C.M.S replaced their position as the Delaware Correction Systems medical provider. Around that time the plaintiff was transfered from S.C.I to D.C.C 1181 Paddock Rd Smyrna De. 19977, where at this time plaintiff began to file nurmous sick-calls and grievances complaining about his injury and the lack of medical care due to F.C.M staff, and not sending plaintiff to orthipitic surgeon as ordered by the emergency physician.

The plaintiff also filed a seperate grievance about the grievances that were filed at S.C.I against F.C.M and has had no response on that grievance.

With common knowledge C.M.S is not responsable for F.C.M(s) grievances nor their actions. The plaintiff exhausted his remedies with F.C.M when they stopped being his/institutions medical provider. Also the plaintiff is continuously filing grievance(s) and following up on past grievances due to the fact that he is awaiting surgery on hand, And is having on going problems with hand. (See Exibit (A) )

2) <u>The defendants concern for plaintiffs affidavit.</u>
Attached to the plaintiffs 1983 42 U.S.C claim is the plaintiffs affidavit. As far as the clerk denying or granting claim due to affidavit is incorrect, the Honorable judge is soley responsable for that dutie(s)
Where as in this case the Honorable Sue L. Robinson found this complaint C.A. no 05-437-SLR not to be frivolous or malicious and to move forward in proceedings also per docket you can clearly see that the plaintiff has filled numurous affidavits to caliberate the plaintiffs claim. Also F.C.M as returned and refused by mail an affidavit filed by plaintiff that were sent to them. See exibit (B) sub section (2) and sub section (1). The plaintiff is waiting for the medical dept and the Deputy warden of D.C.C to send the plaintiff copies of all documents in regards to the plaintiffs hand injury, this includes the intial

reports, and all outside consults and x-rays.
Finaly enclosed in Exibit (B) sub section (3) plaintiff includes his original affidavit of complaint that was attached to his 1983 42 U.S.C claim, with the name of state employed witnesses that will be supeona at the appropriate time.

3) <u>Personal involvement by defendant(s)</u>
Defendant Nurse Rachel Cartwright gained personal involvement by knowing hand was injured in a sports activitie, also by clearly seeing that the injured hand-fingers were disfigured and still did not have x-ray done or advise the Doctor of the need of x-ray before physicaly trying to pop finger in place when in fact the finger was clearly visible as broken completly in half and not dislocated.
Defendant Dr. Sitta Alie gained personal involvement when Nurse Rachel Cartwright described injury to her over the phone and Dr. Sitta Alie took upon herself without ordering x-rays or visibly and physicaly viewing injury ordered treatment after making a diagnose of a dislocated finger. This diagnose and treatment where done without the use of ordinary knowledge, skill and care. Dr. Burns gained personal involvement when she was well advised of the emergency physicians orders that the plaintiff is to be seen by orthipitic surgeon with then 7-10 days of injury, and she refused to send plaintiff to see a othipitic surgeon.

4) <u>Plaintiffs 42 USC §1983 claims against F.C.M</u>

As to the defendants stating that the plaintiff has failed to state any actual claims against F.C.M, I believe negligence, medical malpractice, and diliberate indifference are actual legal claims for a 42 U.S.C §1983 Claim. Now as proceedings move forward the claims will be examined at length and detail, for the Honorable Judge or Jury to make a final disposition on these claims. Further more the plaintiff **quotes** the following from letigation Manuels and Case Law:

A) <u>Letigation Manuel - Prisoner Self Help Letigation Manuel</u>

A doctor committs malpractice if he/she causes injury by failing "to have and use the Knowledge, skill and care ordinarily possessed and employed by members of the profession in good standing." To avoid malpractice, the doctor must utilize ordinary knowledge, skill and care **both** in diagnosis and in treatment.

B) <u>Yosuf v. U.S 642 F. Supp 428</u>

To avoid malpractice the doctor must utilize ordinary knowledge, skill and care both in diagnosis and in treatment

C) <u>Sewell v. U.S 629 F. Supp. 448, 457, 458 (W.D L.A) 1986</u>

Failing to perform appropriate diagnostic test is an typical example of malpractice

D) (Westlaw) Hurtt v. Goleburn, 315 A.2d 597 Del. Super 1973  [198 HK 623]

To recover for negligence in medical malpractice action a plaintiff must show the medical standard of skill, care and competence which are adhered to by physicians in good standing in the community and that defendant failed to conform to those standards.

E) (Westlaw) Christian v. Wilmington General Hosp. Ass'n, 135 A.2d 727 Del 1957  [198 HK 619]

As a general proposition, a physician, surgeon or dentist is answerable in damages for an injury to a patient resulting from his failure to use the standard knowledge and skill required of doctors, or by reason of his/her failure to use reasonable care and diligence in application of such knowledge or skill.

F) (Westlaw) McKinney v. Reardon, 337 A.2d 514 Del 1975  [198 HK 619]

Physician is answerable in damages if plaintiff's injuries are found to have resulted from physician's failure to use standard knowledge and skill required of doctors, or by reason of his/her failure to use reasonable care and diligence in application of such knowledge or skill

G) Black's Law Definition's

Malpractice - Professional misconduct or unreasonable lack of skill. This term is usually applied to such conduct of doctors, lawyers and accountants. (Continue on next page)

Failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services or to those entitled to rely upon them. It is any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct.

**Negligence** - Is the failure to use such care as a reasonably prudent and careful person would use under similar circumstances; it is the doing of some act which a person of ordinary prudence would not have done under similar circumstances or failure to do what a person of ordinary prudence would have done under similar circumstances.
   Conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm; it is a depature from the conduct expectable of a reasonably prudent person under like circumstances.

**Deliberate Indifference** - Well advised; carefully considered; not sudden or rash; circumspect; slow in determining; willfull rather than merely intentional. Formed, arrived at, or determined upon as a result of careful thought and weighing of considerations, as a deliberate judgement or plan. Carried on cooly and steadily; especially according to a preconceived design; given to weighing
(Continue on next page)

facts and arguements with a view to a choice or decision; careful in considering the consequences of a step; slow in action; unhurried; charaterized by reflection.

<u>Enclosing on this picticular legal issue</u>

The defendants made calm, cool and willfull decision in exercising their medical authority.

It is obvious that the defendants exercised negligence, medical malpractice, and deliberate indifference when diagnosing and treating the plaintiff. Also see Exibit B SubSection (2)

When plaintiff first arrived to Defendant Nurse Rachel Cartwright with disfigured hand the defendants first medical priority should have been to order an x-ray or to notify Doctor to do so, but this was not done. Instead first Dr. Sitta Alie diagnosed over the phone to Nurse Rachel Cartwright with no x-ray or visual viewing of injury a (dislocated finger) and then ordered treatment - to give plaintiff (two) pain pills wait 30mins and pop finger back in place.

Second Nurse Rachel Cartwright clerly seeing the hand was disfigured should not of tried to perform any type of on hand treatment with out the view of an x-ray and to add even more damage, then she (defendant) already added, the defendant had plaintiff come back again for a second time because the first attempt was not successful, of course, and gave plaintiff (two) more pain pills, and of course unsuccessfully tried to pop finger in place.

(Continue on next page)

This was even more inappropriate. Third Dr. Burns having knowledge of the emergency physicians report and order to send plaintiff to a orthipitic surgeon in 7-10 days from the time of injury, refused to do so this also is inappropriate.

The defendants have caused unwarranted and unwanted pain, suffering and more damage to injury which in return has called for surgery and for not being sent to a orthipitic surgeon in the aloted time plaintiff will have a life long disability and disfigured hand.

Therefore with the above being stated in short the plaintiff does meet the statutory requirements and does validate the 42 U.S.C 1983 action against the defendants.

5) <u>Defendants request for medical expert testimony</u>

Per Federal Court procedures the plaintiff is not required to have medical expert testimony at this time.

6) <u>Plaintiffs medical file</u>

As of May 1, 2006 the plaintiff was notified by the Medical Records Dept at D.C.C. (1811 Paddock Rd Smyrna De 19977) that they were supenoa for my medical file by the defendants, and that they complied with their request, so at this time the defendants are in possesion of the plaintiffs medical affidavits.

Continue on next page

As of May 4, 2006 C.M.S notified plaintiff via mail (us Postage) that while plaintiff is incarcerated C.M.S is not permitted to give him the copies from his medical file that he is requesting.
   (SEE EXIBIT (B) SUBSECTION (4))

## Closing Statement

Where as the defendants have failed to make any valid arguements to validate a dismissal.

The plaintiff has clearly established grounds for this case to move forward in proceedings. The plaintiff has also followed all the proper proceedures in filing his claim.

Therefore the plaintiff ask that the defendants motion for dismissal be denied and that the plaintiffs 42 U.S.C 1983 claim be aloud to move forward in proceedings.

May 12, 2006

*Larry F. Wilson*

LARRY F. Wilson
D.C.C      SBI 299-498
1811 Paddock Rd
Smyrna De
   19977

# Certificate of Service

I Larry F. Wilson hereby certify that I have served a true and correct copy of the attached (Answering Brief) upon the following parties on the

McCullough & McKenty, P.A.

Dana M. Spring
1225 N. King St. Suite 1100
P.O Box 397
Wilmington, De
    19899-0397

May 12, 2006

*Larry F. Wilson*
LARRY F. Wilson





I/M Larry F. Wilson
SBI# 299-498  UNIT W BLDG C-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S X-RAY

(Clerk of)
United States District Court
844 N. King St.
Lock Box 18
Wilmington, De
19801-3570

Legal Mail

Do Not
Bend/Fold