IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, ) | |
| ) | C.A. No. 05-437- SLR |
| ) | |
| ) | JURY OF 12 DEMANDED |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| NURSE RACHEL CARTWRIGHT and ) | |
| DR. SITTA ALIE, ) | |
| Defendants, ) | |

**DEFENDANT FIRST CORRECTIONAL MEDICAL'S REPLY TO PLAINTIFF'S RESPONSE TO FCM'S MOTION TO DISMISS**

In reply to Plaintiff's *Answering Brief for Defendants First Corrections Medical's Motion to Dismiss*, D.I. 43, defendant FCM offers the following:

1. Plaintiff is an inmate in the Delaware correctional system.

2. FCM provided health care for the Delaware correctional system from July 1, 2002 to June 30, 2005.

3. Per plaintiff's allegations in his complaint, D.I. 2, plaintiff was injured on June 11, 2005. Plaintiff filed suit in this Court on June 27, 2005 - a mere (16) sixteen days after his alleged injury.

**Plaintiff Failed to Exhaust Administrative Remedies**

4. In both his complaint and response to FCM's Motion to Dismiss, plaintiff has failed to establish that he exhausted all administrative remedies *before* filing his civil lawsuit. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2, Robinson, C.J. (D.Del. Feb. 6, 2003) (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)) (copy attached as Exhibit

1).

5.  In his complaint, plaintiff circled "yes" when asked "Have you fully exhausted your administrative remedies regarding each of your present claims?" However, when questioned about what actions were taken by plaintiff to grieve and what the result was, plaintiff's complaint is devoid of a substantive response. In his complaint, plaintiff has failed to state or establish that he exhausted his administrative remedies before filing suit.

6.  In his response to FCM's Motion to Dismiss, plaintiff states that following his injury, he filed a grievance[1] at Sussex Correctional Institute regarding the actions of Nurse Rachel Cartwright and Dr. Sitta Alie. Plaintiff then states he filed an additional grievance 2-3 weeks after the initial injury regarding not seeing an orthopaedic surgeon. Again, plaintiff does not state or establish that he *exhausted* his administrative remedies before filing suit. In fact, in his response to FCM's Motion to Dismiss, plaintiff states, "With common knowledge C.M.S. is not responsible for F.C.M(s) grievances nor their actions. The plaintiff exhausted his remedies with F.C.M. when they stopped being his/institutions medical provider." D.I. 43, ¶ 1 - Exhausting all administrative remedies.

7.  Plaintiff filed this suit on June 27, 2005, just (16) sixteen days after his injury and (3) three days before FCM vacated its contract with the State of Delaware. Even if plaintiff's argument that remedies against FCM were exhausted once they were no longer the health care provider in the Delaware prison system was true[2], it would not benefit the plaintiff in this suit because he filed his suit before FCM left its contract with the State of Delaware. Furthermore, while plaintiff's first

---

[1] Plaintiff does not state the date upon which this first grievance was filed.

[2] This assertion is not true as this Court noted in *McCray v. Williams*, 357 F. Supp. 2d 774, 779 (D. Del. 2005), there is no futility exception to the exhaustion requirement.

grievance file date remains unknown, plaintiff states in his response that his second grievance was filed 2-3 weeks after the injury. One can only speculate that the second grievance was either filed concurrently or after the complaint in this matter - making exhaustion prior to filing impossible.

8. Plaintiff's complaint and response to FCM's Motion to Dismiss indicate that plaintiff did not exhaust his administrative remedies before filing suit in this matter and as such, his claims must be dismissed. *McCray,* 357 F. Supp. 2d at 779.

### Plaintiff has Failed to File an Affidavit of Merit

9. Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff's state law claims must be dismissed as a matter of law. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

10. In his response to FCM's Motion to Dismiss, plaintiff states that he personally filed affidavits upon the filing of his complaint. However 18 *Del.C.* § 6853(a)(1), requires a complaint alleging health care negligence to be accompanied by an affidavit of merit, signed by a *medical expert* (and accompanied by that expert's curriculum vitae), stating that there are reasonable grounds to believe health care negligence was committed by each defendant. The plaintiff in this suit has failed to file an affidavit of merit signed by a medical expert and, therefore, all state law claims, including those of medical malpractice, must be dismissed.

### Conclusion

11. For the above reasons, the FCM respectfully requests that all claims against them be dismissed with prejudice.

                        **McCULLOUGH & McKENTY, P.A.**

                        /s/ Dana Spring Monzo
                        Daniel L. McKenty, Del. Bar No. 2689
                        Dana Spring Monzo, Del. Bar No. 4605
                        1225 N. King Street, Suite 1100
                        P.O. Box 397
                        Wilmington, DE 19899-0397
                        (302) 655-6749
                        Attorneys for First Correctional Medical

May 30, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, ) | |
| ) | C.A. No. 05-437- SLR |
| ) | |
| ) | JURY OF 12 DEMANDED |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| NURSE RACHEL CARTWRIGHT and ) | |
| DR. SITTA ALIE, ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, **DANA SPRING MONZO**, hereby certify that on the 30th day of May, 2006, two copies of the attached *First Correctional Medical's Reply to Plaintiff's Response to FCM's Motion to Dismiss* were mailed, U.S. First Class, postage prepaid, to the last known address of the following:

**Larry F. Wilson
SBI# 299498
Delaware Correctional Center
1811 Paddock Road
Smyrna, DE 19977**

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendant First Correctional Medical

Dated: May 30, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **LARRY F. WILSON,** ) | |
| ) | C.A. No. 05-437- SLR |
| ) | |
| ) | **JURY OF 12 DEMANDED** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **FIRST CORRECTIONAL MEDICAL,** ) | |
| **NURSE RACHEL CARTWRIGHT and** ) | |
| **DR. SITTA ALIE,** ) | |
| **Defendant.** ) | |

## ORDER

And now this _____ day of _____, 2006, having considered

First Correctional Medical's Motion to Dismiss and any opposition thereto,

    it is HEREBY ORDERED that First Correctional Medical's Motion to Dismiss is granted.

_____
J.