IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Larry F. Wilson
  plaintiff

v.

First Correctional Medical,
et al.,
  Defendants

Civ. No 05-437-SLR



## Plaintiff LARRY F. Wilson's, Response to Defendants Reply

In response the plaintiff offers the following:

1. Plaintiff is an inmate in the Delaware Correctional System.

2. Per plaintiffs complaint the plaintiff was injured on June 11, 2005. Plaintiff filed suit in this court on June 27, 2005 - a mere (16) days after his injury and (3) days before F.C.M was terminated.

### Plaintiff exhausted administrative remedies

3. The plaintiff has exhausted his administrative remedies, and has established so. First and foremost the plaintiff does not have his inmate copy of these documents (grievances) that he filed because all have seemed to disapear, destroyed or taken then destroyed by F.C.M upon their termination of contract

at the end of June 2005. When the injury first took place the plaintiff did file a grievance on the actions of the defendants Nurse Rachel Cartwright, and Dr. Sitta Ali, (Note; there is no administrative remedie for the physical actions that caused the plaintiff injury by the defendants that will reverse the injury, or actions. Also the plaintiff could not recieve punitive, monatary, or collateral damage) but never less the grievance procedure was followed. Like wise when the plaintiff realized that he was not being sent to the orthipitic surgeon as directed by the emergency physician he filed another grievance.

Knowing that the grievance procedures are drawn out at length and take a abnormal amount of time to be reviewed the plaintiff realized that there was less then (1) week before the medical provider F.C.M was to be terminated, and that his grievances had not been reviewed at that time, that it was likely that they would not be reviewed prior to F.C.M(s) termination, the plaintiff was not even notified that his grievance(s) had been filed nor had he recieved an inmate copy of his grievance's, so at that time the plaintiff filed a 42 USC 1983 Fed. Claim so that all actions and issues in the plaintiffs claim were filed before F.C.M(s) termination. Therefore by F.C.M taken no actions on the plaintiffs grievances and their termination has exhausted any and all administrative remedies.

Continue on next page

Note: The plaintiff was transfered from S.C.I Georgetown De. 1 month after filing grievance(s) and the 42 USC 1983 claim. He was transfered to D.C.C Smyrna De. where he has continued to file grievances and where he has filed one picticular grievance on that fact of not recieving any corrospondance from his Georgtown De. S.C.I grievance(s) and has not recieved any response from that. As previously stated the plaintiff has clearly exhausted his administrative remedies and has continuely been filing grievance(s), But once again C.M.S is not responsable for F.C.M(s) actions, grievance(s) nor tracking down their administrative documents.

<u>Affidavit of Merit in questioning</u>

4. The plaintiff has no need for an affidavit of merit for a couple of reasons, First this is not a requirement for filing a 42 usc 1983 claim, Second as the Honorable judge is well aware the plaintiff filed a motion to ammend complaint to add "deliberate indifference" to his claim, this motion was granted on Jan. 5, 2006 (See exibit A sub sec.(1)), under Fed civil rules for deliberate indifference claim there is no requirement for an affidavit of merit.

On the matter of the defendants citing Del. Ct rules, they have no leverage on Fed Ct rules.

Further more at the proper time the plaintiff will have expert testimony to validate the plaintiffs claim, Note: this is a mere attack by the defendants to relinguish their responsabilities of their actions.

The defendants have already supenoa the plaintiffs medical file and by doing so they are well aware of the velocity of the plaintiffs injury(s) and claim.

## Closing Statement

The plaintiff has clearly established grounds for this case to move forward in proceedings.

Therefore the plaintiff ask that the defendants motion for dismissal be denied and that the plaintiffs claim be aloud to move forward in proceedings.

June 15, 2006

*Larry F. Wilson*

LARRY F. Wilson
D.C.C     SBI 299-498
1811 Paddock Rd
Smyrna De
19977

## Certificate of Service

I Larry F. Wilson hereby certify that I have served a true and correct copy of the attached (Response) upon the following parties on the

McCullough & McKenty, P.A.

Dana M. Spring
1225 N. King St, Suite 1100
P.O Box 397
Wilmington, De
         19899-0397

June 15, 2006

Larry F. Wilson
LARRY F. Wilson

FROM Larry F. Wilson
SBI# 269-498    UNIT W Bldg C-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

$00.87
JUN 15 2006
MAILED FROM ZIP CODE 19977

United States District Court
844 N. King St. Lock Box 18
Wilmington   De
19801-3570

Legal Mail