IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON,           )<br>                            )<br>     Plaintiff,            )<br>                            )<br>v.                          )  Civ. No. 05-437-SLR<br>                            )<br>FIRST CORRECTIONAL         )<br>MEDICAL, NURSE RACHEL      )<br>CARTWRIGHT, and            )<br>DR. SITTA ALIE,            )<br>                            )<br>     Defendants.           ) | |

**ORDER**

At Wilmington this 26th day of September, 2006.

Plaintiff Larry F. Wilson, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and on July 18, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4)

Plaintiff submitted complete USM-285 forms for service upon Nurse Rachel Cartwright ("Cartwright") and Dr. Sitta Alie ("Dr. Alie"). The USM-285 form for Cartwright was filled out to "**SERVE** Nurse Rachel Cartwright **AT** P. O. Box 500, Georgetown, DE 19947 S.C.I." (D.I. 20) The USM-285 form for Dr. Alie was filled out to "**SERVE** Dr. Ali **AT** P. O. Box 500, Georgetown, DE 19947 S.C.I." (D.I. 21) The USM-285 forms were forwarded to the U.S. Marshal Service along with other court documents for service upon Dr. Alie. Both USM-285 forms were returned unexecuted by the U.S. Marshal. In the "remarks" section of the form, for Cartwright

it states, "No longer at SCI - per medical". (D.I. 20) For Dr. Alie it states, "fired from First Correctional per DCC Ret. unexecuted." (D.I. 21)

The complaint indicates that the unserved defendant are or were employees of FCM, and during the relevant time period in the complaint, FCM was under contract with the Delaware Department of Correction ("DOC") to provide medical services for inmates in the custody of the DOC. Additionally, FCM is a defendant and appears in this action.

The court has an obligation to assist pro se plaintiffs in the service of process. Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (citing Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)). Indeed, many courts have entered orders to assist a pro se plaintiff in identifying and obtaining addresses of defendants so that service may be effected. See In Re Johnson, No. 02-5225, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist pro se plaintiff in service of process); Garrett v. Miller, No. 02 C 5437, 2003 WL

1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist pro se plaintiff in obtaining service of process); Dudley v. Texas Instruments, Inc., No. Civ.A. 302CV292M, 2002 WL 992766 (N.D. Tex. May 13, 2002) (court determines assistance should be provided to pro se plaintiff to help him effect proper service, and counsel for corporation is ordered to provide plaintiff with names and addresses of corporate officers and registered agent); Bloomer v. City of New York, No. CV 89-592(RR), 1994 WL 92388 (E.D.N.Y. Mar. 3, 1994) (court ordered counsel for New York City, who did not represent police officers in their individual capacity, to provide addresses of police officers when counsel refused to accept service for officers). Also, the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962).

   THEREFORE, IT IS ORDERED that on or before **October 13, 2006**, First Correctional Medical, Inc. shall provide to the court the last known addresses for Nurse Rachel Cartwright and Dr. Sitta Alie. If either of the foregoing individuals are still employed by First Correctional Medical, Inc., then the court shall be advised of the correctional facility where that individual is now located, so that the defendant may be served.

First Correctional Medical, Inc. is put on notice that failure to comply with this order may result in a finding of contempt. The clerk of the court is directed to serve a copy of this order, by certified mail, upon First Correctional Medical, Inc. through its attorney of record.

                                                                /s/ *[signature]*
                                        UNITED STATES DISTRICT JUDGE