IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-437-SLR |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| NURSE RACHEL CARTWRIGHT and ) | |
| DR. SITTA ALIE, ) | |
| ) | |
| Defendants. ) | |

Larry F. Wilson, Delaware Correctional Center, Smyrna, Delaware. Pro se Plaintiff.

Daniel L. McKenty, Esquire, and Dana M. Spring, Esquire, McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendants.

MEMORANDUM OPINION

Dated: September 29, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On June 27, 2005, Larry F. Wilson, a pro se plaintiff proceeding in forma pauperis ("plaintiff"), filed the present action pursuant to 42 U.S.C. § 1983,[1] alleging violation of his constitutional rights by First Correctional Medical ("FCM"), Rachel Cartwright ("Nurse Cartwright"), and Dr. Sitta Alie ("Dr. Alie").[2] Nurse Cartwright and Dr. Alie were both employees of FCM during the period in question; however, neither has received service of process and, thus, they are not parties to this suit. (D.I. 20, 21)

Plaintiff's constitutional claim is that the defendants were deliberately indifferent to his medical needs.[3] He also asserts supplemental state claims under Delaware law for medical

---

[1] The statute states in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the territorial jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] At the time of the incident in question, First Correctional Medical, Inc. contracted with the Delaware Department of Correction to provide medical care for inmates incarcerated at State of Delaware penal institutions, including Sussex Correctional Institution, where plaintiff was incarcerated.

[3] The court will only address whether defendant FCM was deliberately indifferent to plaintiff's medical needs, as it is the only defendant in the present action.

malpractice and negligence. In response, defendant FCM filed a motion to dismiss the complaint pursuant to 18 Del. C. § 6853(a)(1)[4] and Fed. R. Civ. P. 12(b)(6). The court has jurisdiction over the present suit pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court grants defendant's motion to dismiss.

## II. BACKGROUND[5]

On June 11, 2005, plaintiff was an inmate at Sussex Correctional Institution in Georgetown, Delaware. During a late morning game of basketball, he sustained an injury to his finger. Plaintiff notified Officer Darby at Housing Unit 5 of his injury, and proceeded to the institution's medical department. Upon his arrival, the nurse on duty, Nurse Cartwright, attempted to splint his wounded finger with a "popsicle stick, tape, and gauze," despite the fact that it was "clearly...broken and need[ed] emergency medical attention." (D.I. 2 at 1) Nurse Cartwright

---

[4] "No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by . . . an affidavit of merit as to each defendant signed by an expert witness . . . and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant."

[5] Since this is a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). The facts, therefore, are taken from the complaint (D.I. 2).

called Dr. Alie and explained the nature and extent of plaintiff's injury over the phone. Based on the description given by Nurse Cartwright and without having any x-rays taken, Dr. Alie's diagnosis was that plaintiff had a dislocated finger. Plaintiff was given two pain pills and was told to return in thirty minutes.

Upon his return to the medical unit, Nurse Cartwright was on the phone again with Dr. Alie and was being given directions on how to "pop" a finger back in place. (Id. at 1-2) Nurse Cartwright then tried these procedures on plaintiff in an attempt to remedy the dislocation. The procedures were unsuccessful and plaintiff was given another pain pill and told to return again after an additional thirty minutes. Upon his subsequent return, plaintiff was told by Nurse Cartwright that "she was not going to touch [his] finger again and she was going to tell the doctor that [his] finger was not changing and in fact it was broke[n]." (Id.) Plaintiff was then transported to Beebe Hospital in Lewes, Delaware, for further treatment. X-rays were taken of plaintiff's hand which revealed a broken bone in his finger.

Plaintiff filed a grievance with the prison shortly after the incident in question. (D.I. 43 at 2) Not having received an immediate response to his grievance, plaintiff filed this action sixteen days after his injury. (D.I. 2 at 1) Plaintiff has since been transferred to Delaware Correctional Center in Smyrna,

3

Delaware, and continues to file grievances regarding his medical treatment. (Id. at 2) As a result of the alleged inadequate medical care, plaintiff claims "damage and ongoing problems with his hand." (D.I. 14 at 1) Plaintiff also claims that the emergency room physician suggested that he see an orthopaedic surgeon for additional treatment; however, plaintiff has not been permitted to consult with said specialist. (Id. at 4) Plaintiff contends that he received inadequate medical treatment contrary to his federal constitutional rights and in violation of Delaware state law.

### III.  STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court primarily must consider the

allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case as well as exhibits attached to the complaint may also be taken into account. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The purpose of a motion to dismiss is to test the sufficiency of a complaint and not to resolve facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

Defendant FCM filed its motion to dismiss on April 21, 2006. (D.I. 41) It contends that plaintiff failed to comply with statutory requirements for filing a medical negligence suit and a 42 U.S.C. § 1983 action and, in support thereof, states as follows: (1) plaintiff failed to exhaust all available administrative remedies prior to filing this action; (2) plaintiff's complaint was not accompanied by an affidavit of

5

merit as is required by statute;[6] and (3) the claims against FCM are derivative of the claims against other individuals, and there is no vicarious liability for civil rights actions. (Id.)

### A. Exhaustion of Administrative Remedies

Defendant contends that this action should be dismissed because plaintiff failed to exhaust his administrative remedies prior to filing this action, as required under the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [§ 1983] by a prisoner . . . until such administrative remedies as are available are exhausted."). Exhaustion is mandatory, and prisoners must exhaust administrative remedies for any claim that arises within the prison, regardless of any limitations on the kind of relief available through the grievance process. Porter v. Nussle, 534 U.S. 516, 532 (2002). The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004).

Based on the complaint and the record before the court, it is clear that plaintiff did not exhaust his administrative

---

[6]18 Del. C. § 6853(a)(1).

remedies before filing suit. While the plaintiff did file a grievance shortly after the incident in question, the exact date of this filing is unknown. (D.I. 43 at 1) Instead of waiting to receive a response from the prison, plaintiff filed this suit a **mere sixteen days** after his injury. Obviously, he did not give the grievance process a chance and, therefore, plaintiff's complaint is dismissed for failure to exhaust his administrative remedies.[7] This court will nevertheless address the merits of plaintiff's § 1983 claim.

### B. Sufficiency of Plaintiff's Claim under 42 U.S.C. § 1983

It is undisputed that the State of Delaware has an obligation under the Eighth Amendment to provide "adequate medical care" to the individuals who are incarcerated in its prisons. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (citations omitted). To state a violation of his constitutional right to adequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff must

---

[7]Plaintiff also argues that his administrative remedies were exhausted because FCM's contract as the medical provider for the Delaware Department of Correction's system expired June 30, 2005. (D.I. 43 at 2) He argues that because it was no longer the medical provider at the prison, he had no recourse. Id. However, this argument has no merit as plaintiff filed this action before the end of FCM's contractual term.

7

demonstrate that: (1) he had a serious medical need; and (2) the defendant was aware of this need and was deliberately indifferent to it. See West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). Either actual intent or recklessness will afford an adequate basis to show deliberate indifference. See Estelle, 429 U.S. at 105.

The seriousness of a medical need may be demonstrated by showing that the need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D. N.J. 1979)). Moreover, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical treatment. Id. at 347. An official's conduct, however, does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know . . . of and disregard . . . an excessive risk to inmate health and safety;

8

the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The Third Circuit has found "deliberate indifference" in a variety of circumstances, including where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. See Durmer v. Carroll, 991 F.2d 64, 68 (D. N.J. 1993) (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987)). When denial of an inmate's request for medical care causes "undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." Monmouth, 834 F.2d at 346. However, mere medical malpractice is insufficient to present a constitutional violation. Estelle, 429 U.S. at 106.

Viewing the facts and all reasonable inferences therefrom in a light most favorable to plaintiff, this court finds that plaintiff has not proferred any evidence to establish that FCM was deliberately indifferent to his medical needs. Even if a broken finger were to be considered a **serious** medical claim, plaintiff asked for and received treatment on the same day as his

9

injury. The medical treatment given was consistent with the initial diagnosis and, when that treatment was unsuccessful, the appropriate course of action was taken in transporting plaintiff to the local hospital for x-rays and further medical care. (D.I. 2) It is not clear whether additional medical treatment was necessary since plaintiff filed suit so quickly after the injury. Based on the facts as stated in the complaint, plaintiff's § 1983 claim does not rise to a constitutional level and, therefore, is dismissed.

Because the grounds for federal jurisdiction have been dismissed,[8] the court declines to exert supplemental jurisdiction over the state law claims and they, too, are dismissed.

## V.  CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby granted. An appropriate order shall issue.

---

[8]Plaintiff's cause of action under 42 U.S.C. § 1983.