IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, *pro se* | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civ. No. 05-437-SLR |
| | ) |
| FIRST CORRECTIONAL MEDICAL, NURSE | ) |
| RACHAEL CARTWRIGHT and | ) |
| DR. SITTA ALIE, | ) |
| | ) |
|     Defendants. | ) |

**MOTION TO DISMISS
OF DEFENDANT RACHEL CARTWRIGHT, R.N.**

Defendant, Rachel Cartwright, R.N., hereby moves this Honorable Court for to dismiss the Complaint against her with prejudice. In support thereof defendant states the following:

1. For the purpose of this motion all facts will be those stated in plaintiff's Complaint. The pertinent facts alleged are that on June 11, 2005, Mr. Wilson broke his finger while playing basketball and was sent directly to the medical department for treatment. (D.I. 2, p. 4) Mr. Wilson was treated first by Nurse Cartwright and was then transferred to Beebe Medical Center for treatment of his broken finger that same day. (Id.)

2. Regarding his administrative remedies, plaintiff's Complaint states that filing the Complaint in Federal Court was the only step he has taken to pursue his administrative remedies "due to the fact I seek financial award and that medical malpractice was committed." (Id.)

3. Later filings revealed that Mr. Wilson filed a grievance on August 26, 2005, nearly two months after filing suit in federal court. (D.I. 43 at Exh. A). However, this grievance does not address any acts of Nurse Cartwright and instead complains of the institution's failure to send him for a follow up appointment. A similar grievance was filed on October 26, 2005 (Id.), which again does not involve Nurse Cartwright.

1

4. Plaintiff's Complaint should be dismissed for three reasons: (1) plaintiff failed to exhaust his administrative remedies in violation of 42 U.S.C. § 1997e; (2) it is clear from the face of the Complaint that there is no basis for an Eighth Amendment "deliberate indifference" claim; and (3) plaintiff failed to file a Certificate of Merit as required by 18 Del.C. § 6853(a)(1). Each will be addressed in turn.

### Failure to Exhaust Administrative Remedies

5. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, no inmate can bring a claim alleging violation of civil rights until available administrative remedies are exhausted.

6. Plaintiff is required to prove that he has exhausted all of his administrative remedies regarding the defendant's actions (Samuel v. Carroll, --- F.Supp.2d ---, 2007 WL 2422815 at *5 (D.Del. 2007)) and in the absence of such proof, plaintiff's Complaint must be dismissed (Id.).

7. Plaintiff failed to file a prisoner grievance before filing suit and, in fact, stated that filing suit was his only remedy. (D.I. 2 at p. 3) More than two months after the incident, on August 26, 2005, Mr. Wilson filed a grievance that did not address the events described in his Complaint, but complained of later events which did not involve Nurse Cartwright.

8. As to the actions of Nurse Cartwright, there has been no administrative grievance filed.

9. Because of plaintiff's failure to exhaust his administrative remedies in violation of PLRA requirements, plaintiff's Complaint against Nurse Cartwright should be dismissed.

### Absence of Deliberate Indifference

10. A "deliberate indifference" claim exists where the prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary

2

medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).

11.   In this case, the facts alleged in the Complaint demonstrate that Mr. Wilson was sent immediately to the medical unit and was treated that same day for his broken finger at Beebe Medical Center. By no stretch of the imagination could this be considered a refusal to provide medical treatment, delay of medical treatment, or a prison official preventing Mr. Wilson from receiving treatment.

12.   The complaint completely fails to state a civil rights claim against Nurse Cartwright based upon "deliberate indifference." All civil rights claims against Nurse Cartwright should therefore be dismissed on this basis.

### Failure to File Affidavit of Merit

13.   Any medical negligence lawsuit filed under the laws of Delaware must be accompanied by an Affidavit of Merit pursuant to 18 Del.C. § 6853(a)(1).

14.   Failure to file an Affidavit of Merit with a Complaint that alleges medical negligence (or, in the alternative, to file a Motion requesting an extension of the time for filing of the Affidavit of Merit) requires that the Complaint be dismissed. Williamson v. Correctional Medical Services, 494 F.Supp.2d 285 (D.Del. 2007).

15.   Plaintiff failed to file an Affidavit of Merit or request an extension of time for filing the Affidavit of Merit, therefore, his medical malpractice claims may not stand.

WHEREFORE, for the foregoing reasons, defendant Rachel Cartwright, R.N. respectfully requests this Court to dismiss plaintiff's Complaint with prejudice.

**[SIGNATURE NEXT PAGE]**

**ELZUFON, AUSTIN, REARDON,
TARLOV & MONDELL, P.A.**

　　　/s/ Andrea C. Rodgers
JOHN A. ELZUFON – I.D. #177
ANDREA C. RODGERS – I.D. #4350
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630
(302) 428-3181
jelzufon@elzufon.com
Attorneys for Defendant Rachael Cartwright, R.N.

Dated: September 13, 2007

G:\Docs\CLIENT\314\19310\pleading\00416677.DOC

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY F. WILSON, *pro se* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civ. No. 05-437-SLR |
| | ) |
| FIRST CORRECTIONAL MEDICAL, NURSE | ) |
| RACHAEL CARTWRIGHT and | ) |
| DR. SITTA ALIE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

IT IS HEREBY ORDERED that plaintiff's Complaint is hereby dismissed for failure to state a claim upon which relief may be granted and pursuant to 18 Del.C. § 6853(a)(1).

_____
The Honorable Sue L. Robinson

G:\Docs\CLIENT\314\19310\pleading\00416677.DOC

## CERTIFICATE OF SERVICE

I, ANDREA C. RODGERS, ESQUIRE, do hereby certify that on this 13th day of September, 2007, a copy of the attached MOTION TO DISMISS OF DEFENDANT RACHEL CARTWRIGHT, R.N. was served By Regular Mail and via LexisNexis File & Serve on the following individuals of record:

Larry F. Wilson
Inmate No. 299-498
Sussex Community Correctional Center
23207 N. DuPont Blvd.
Georgetown, DE 19947

/s/ Andrea C. Rodgers
ANDREA C. RODGERS, ESQ. (I.D. #4350)

G:\Docs\CLIENT\314\19310\pleading\00416677.DOC