IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY F. WILSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-437 SLR |
| | : | |
| DR. SITTA ALIE, and | : | |
| DR. BURNS, | : | |
| | : | |
| Defendants. | : | |

## DR. SITTA ALIE'S MOTION TO DISMISS

Defendant Dr. Sitta Alie, by and through her undersigned counsel of record, hereby moves for entry of an order in the form attached hereto dismissing with prejudice all claims against her in the above-captioned action. Plaintiff failed to exhaust his administrative remedies prior to filing suit, fails to state a claim for deliberate indifference, and failed timely to file an affidavit of merit as required by 18 *Del. C.* § 6853. In support of her Motion, Dr. Alie states as follows:

1. Plaintiff's Complaint alleges that, on June 11, 2005, Mr. Wilson broke his finger while playing basketball and was sent directly to the medical department for treatment. (D.I. 2 at 4)  Mr. Wilson alleges he was treated first by Nurse Cartwright, who received instructions from Dr. Alie by telephone, and was then transferred to Beebe Medical Center for treatment of his broken finger that same day. (*Id.*)  There is no record of Plaintiff having filed an affidavit of merit along with his Complaint.

2. Plaintiff's Complaint states that filing the Complaint in Federal Court was the only step he has taken to pursue his administrative remedies "due to the fact I seek financial award and that medical malpractice was committed." (*Id.*)

3.      Mr. Wilson filed a grievance regarding medical care for his finger on August 26, 2005, nearly two months after the instant suit was filed. (D.I. 43, at Exhibit A).  There is no record of any relevant grievance having been filed previously.

4.      Plaintiffs Complaint should be dismissed for three reasons: (1) plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e; (2) Plaintiff's Complaint contains no basis for a claim of "deliberate indifference" against Dr. Alie; and (3) plaintiff cannot sustain a claim for medical negligence due to his failure timely to file an Affidavit of Merit as required by 18 *Del. C*. § 6853

*Plaintiff's Complaint Must be Dismissed for*
*Failure to Exhaust Administrative Remedies*

5.      Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, no inmate is permitted to bring a claim alleging violation of civil rights until all available administrative remedies are exhausted.  The PLRA provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

6.      "Prison conditions" includes "the nature of the services provided therein."  *See Booth v. Churner*, 206 F.3d 289, 295 (3d Cir. 2000).

7.      This Court has already ruled that Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit, and that dismissal of claims on that basis was appropriate. (D.I. 52, 97)  Plaintiff's claims against Dr. Alie should be dismissed for failure to exhaust administrative remedies.

*Plaintiff Fails to State a Claim Against Dr. Alie for Deliberate Indifference*

8.  In order to state a claim for deliberate indifference, plaintiff must show a prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999).  However, Plaintiff's Complaint here alleges that he was seen in the infirmary, given some treatment by the nurse under the direction of Dr. Alie, and was then sent that same day to Beebe Medical Center. Plaintiff's own allegations show that there was no refusal to provide medical treatment, or delay of medical treatment, and that Dr. Alie did not prevent Plaintiff from receiving treatment.

9.  Because the Complaint fails to state a civil rights claim against Dr. Alie based upon deliberate indifference, those claims against Dr. Alie should therefore be dismissed.

*Plaintiff's Claims for Medical Negligence*
*Fail for Failure Timely to File Affidavit of Merit*

10.  Any claim stated by the Plaintiff sounding in medical negligence pursuant to Delaware State law must be dismissed for his failure timely to file an affidavit of merit as required by 18 *Del. C.* §6853, which provides, in relevant part:

> No healthcare negligence lawsuit shall be filed in the State unless the Complaint is accompanied by:
> (1) an affidavit of merit as to each defendant signed by an expert witness, as defined in §6854 of this title and accompanied by a current curriculum vitae of the witness stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (2) of this subsection has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the Complaint and it shall not be docketed with the court.  The

> affidavit of merit and curriculum vitae shall be filed with the court in a sealed envelope which envelope shall state on its face . . .

*Id.*

11. Because Plaintiff did not file any affidavit of merit or timely move for an extension of time to do so, the Plaintiff's claims sounding in medical negligence must be dismissed.

WHEREFORE, for the foregoing reasons, Defendant Dr. Alie respectfully requests the Court dismiss with prejudice all claims against her in the above-captioned action.

**BALICK & BALICK, LLC**

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Dr. Alie

Date:  July 25, 2008